# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ANTONIO GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondent. | Case No. 1:24-cv-01509-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Marcos Antonio Gutierrez is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On December 11, 2024, Petitioner commenced the instant matter by filing a petition for writ of habeas corpus. (ECF No. 1.) On January 15, 2025, the Court screened the petition, found that it failed to state a cognizable claim for federal habeas relief, and granted Petitioner leave to file an amended petition. (ECF No. 6.) On March 20, 2025, Petitioner filed the instant first amended petition ("FAP"). (ECF No. 7.)

///
///
///

1

## II.

## DISCUSSION

The Rules Governing Section 2254 Cases[1] ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the FAP, Petitioner challenges a disciplinary proceeding that resulted in a loss of good time credits. (ECF No. 7 at 1.[2]) "The discipline process starts when staff witness or reasonably believe that [the inmate] committed a prohibited act. A staff member will issue [the inmate] an incident report describing the incident and the prohibited act(s) [the inmate is] charged with committing." 28 C.F.R. § 541.5(a). After the inmate receives an incident report, a Federal Bureau of Prisons ("BOP" or "Bureau") staff member will investigate it. 28 C.F.R. § 541.5(b). "A Unit Discipline Committee (UDC)[3] will review the incident report once the staff investigation is complete." 28 C.F.R. § 541.7. The UDC cannot impose a sanction of good conduct time credit loss and may refer the incident report to "the Discipline Hearing Officer (DHO) for further review, based on the seriousness of the prohibited act(s) charged." 28 C.F.R. §§ 541.7(f), (a)(3).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.
[2] Page numbers refer to ECF page numbers stamped at the top of the page.
[3] "The UDC ordinarily consists of two or more staff. UDC members will not be victims, witnesses, investigators, or otherwise significantly involved in the incident." 28 C.F.R. § 541.7(b).

1  reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563–67 (1974);
2  Superintendent v. Hill, 472 U.S. 445, 454 (1984). Inmates are entitled to an impartial
3  decisionmaker in a disciplinary proceeding. Wolff, 418 U.S. at 570–71. Additionally, due
4  process requires that there be "some evidence" to support the disciplinary decision to revoke
5  good time credits. Hill, 472 U.S. at 454–55.
6      In Ground One, Petitioner asserts that he "was not given the proper proceeding" and
7  alleges that the "UDC was violated by Agent conducting the hearing alone" with "only the
8  officer [who] falsified the documents." (ECF No. 7 at 2–3.) Neither the Supreme Court nor the
9  Ninth Circuit has held that adherence to the procedures established by a prison's inmate
10 discipline program regulations is required to satisfy constitutional due process. The Due Process
11 Clause only requires that prisoners be afforded those procedures mandated by Wolff and its
12 progeny; it does not require that a prison comply with its own, more generous procedures.
13 Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), overruled on other grounds by Sandin v.
14 Conner, 515 U.S. 472 (1995). See Walker, 14 F.3d at 1420 ("[I]f state procedures rise above the
15 floor set by the due process clause, a state could fail to follow its own procedures yet still
16 provide sufficient process to survive constitutional scrutiny." (internal quotation marks omitted)
17 (quoting Rogers v. Okin, 738 F.2d 1, 8 (1st Cir. 1984))). Here, any discrepancy with the
18 composition of the UDC did not violate due process because (1) the UDC proceeding was a
19 preliminary review that did not result in the loss of good time credits, and (2) adherence to
20 procedures established by prison regulations is not required to satisfy constitutional due process.
21 Therefore, Petitioner fails to state a cognizable claim for federal habeas relief in Ground One.
22     In Ground Two, Petitioner asserts that he was denied due process because "[e]ach [a]gent
23 signed to false documents in this matter." (ECF No. 7 at 3.) Filing false allegations by itself does
24 not violate a prisoner's constitutional rights so long as (1) the prisoner receives procedural due
25 process before there is a deprivation of liberty as a result of false allegations, and (2) the false
26 allegations are not in retaliation for the prisoner exercising constitutional rights. Harper v. Costa,
27 No. CIV S-07-2149 LKK DAD P, 2009 WL 1684599, at *2–3 (E.D. Cal. June 16, 2009), aff'd,
28 393 F. App'x 488 (9th Cir. 2010). There are no allegations in the FAP that the false allegations

were in retaliation for Petitioner exercising his constitutional rights. Therefore, Petitioner fails to state a cognizable claim for federal habeas relief in Ground Two.

In Ground Three, Petitioner asserts that he was denied the right to staff representation. (ECF No. 7 at 4.) Wolff held that there is a due process right to assistance during disciplinary proceedings only where an inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Wolff, 418 U.S. at 570. The FAP does not allege that Petitioner is illiterate or demonstrate that the issues in the disciplinary proceeding were unusually complex. Therefore, Petitioner fails to state a cognizable claim for federal habeas relief in Ground Three.

In Ground Four, Petitioner states that "[b]efore UDC and DHO inmate Marcos was placed on Encumbrance. (See Encumbrance Notice)." (ECF No. 7 at 4.) Despite the notation, there was no Encumbrance Notice attached to the FAP, and Petitioner does not provide any factual allegations in support of this claim.

Based on the foregoing, the Court finds that the FAP fails to state a cognizable claim for federal habeas relief. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The Court previously explained to Petitioner the deficiencies in the petition, provided Petitioner with relevant legal standards, and provided Petitioner an opportunity to amend the petition. Although Petitioner filed a FAP, the FAP is largely identical to the original petition and suffers from the same deficiencies. Therefore, the undersigned finds that further leave to amend would be futile.

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the first amended petition for writ of habeas corpus be DISMISSED for failure to state a cognizable federal habeas claim.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

///

1    This Findings and Recommendation is submitted to the assigned United States District
2 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
3 Rules of Practice for the United States District Court, Eastern District of California. Within
4 **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
5 written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and
6 serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
7 Judge's Findings and Recommendation." The assigned United States District Court Judge will
8 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are
9 advised that failure to file objections within the specified time may waive the right to appeal the
10 District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v.
11 Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 22, 2025**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE